### Wantzelius Oliver & Co. *v.* J. T. Silva Banking Commercial Co.

Apelación procedente de la Corte de Distrito de San Juan.

No. 564.—Resuelto en enero 13, 1911.

Contratos—Compra-Venta Mercantil.—En el contrato de compra-venta de cosas muebles, cuando éstas hayan de entregarse en fecha subsiguiente a la celebración del contrato, la pérdida que sufran los efectos antes de su entrega, será de cuenta del vendedor.

Id.—Depósito Judicial.—En el caso en que el comprador no dispusiere de las mercaderías en la fecha fijada para la entrega, y el vendedor exigiere el cumplimiento del contrato, deberá depositar judicialmente las mercaderías, a fin de obligar al comprador al pago de las mismas, pues si tal depósito no hubiere tenido lugar, ni el comprador hubiere consentido en que el vendedor se constituyera en depositario de las mercaderías, el contrato no puede estimarse consumado, ni responsable el comprador por la pérdida de los efectos vendidos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Carlos López de Tord y Nemesio R. Canales.*

Abogados de los apelados: *Sres. Eduardo Acuña y José E. Figueras.*

El Juez Asociado, Sr. Wolf, emitió la opinión del tribunal.

La demanda en el presente caso expone que la sociedad demandante es una sociedad mercantil haciendo negocios en Ponce y que los demandados son una sociedad mercantil que hace negocios en San Juan y que cada una de dichas sociedades se dedica, entre otras cosas a la compra y venta de café;

y se alega que los demandantes, por medio de sus agentes los señores N. Llauri & Co. vendieron a la sociedad demandada doscientos sacos de café al precio de doce dollars por quintal, siendo condición de la venta que el café debía ser entregado inmediatamente y puesto libre a bordo del vapor "Conde Wifredo" en el puerto de Ponce; que dicha operación de compra-venta fué convenida el día 30 de noviembre de 1908, y consecuentemente con la condición estipulada de que el café debía ser entregado inmediatamente a bordo del vapor "Conde Wifredo," los demandantes con fecha 3 de diciembre se dirigieron por telégrafo a los demandados preguntándoles si podían embarcar dicho café ya que el vapor de referencia estaba próximo a salir del puerto de Ponce; contestando dichos demandados que embarcasen el café de referencia por el vapor francés o por el "Juan Forgas," según aviso que les darían oportunamente; que teniendo en cuenta que los vapores indicados últimamente por los demandados, esto es, el vapor francés o el "Juan Forgas" debían tardar más de quince días en salir del puerto de Ponce, y no queriendo los vendedores asumir más responsabilidades que las que les competían en virtud del contrato de compra-venta mencionado anteriormente, se dirigieron por carta a la sociedad demandada haciéndoles saber que el café quedaba almacenado a su buena disposición, y pasándole factura de venta por el importe de cuatro mil ochocientos cuarenta dollars precio del café vendido según convenio.

La demanda sigue exponiendo que el día 5 de diciembre de 1908, un incendio destruyó el almacén de la sociedad demandante en la Playa de Ponce, destruyendo según se alega todos los sacos de café que pertenecían a la sociedad demandada; y que prorrateando el importe del seguro, éste era solamente suficiente para rebajar ciento treinta y tres dollars y noventa y cuatro centavos ($133.94) de la suma reclamada de los demandados.

La carta que la sociedad demandante dirigió a la deman-

dada no fué recibida por esta última sino después del incendio.

La corte inferior era de opinión que los demandantes no habían probado que fuera una condición esencial del contrato, que el café había de embarcarse en el "Conde Wifredo" y que se había dejado en duda en qué vapor había de embarcarse el café y que dicho vapor había de ser indicado por la compañía demandada. Nosotros creemos que la prueba sostiene la opinión del tribunal lo mismo que las palabras de la demanda, a saber:

"Que dicha operación de compra-venta de café fué convenida el día 30 de noviembre de 1908, y consecuentemente con la condición estipulada de que el café debía ser entregado inmediatamente a bordo del vapor "Conde Wifredo" en el puerto de Ponce, los demandantes con fecha 3 de diciembre se dirigieron por telégrafo a los demandados, preguntándoles si podían embarcar dicho café ya que el vapor de referencia estaba próximo a salir del puerto de Ponce."

Por consiguiente, se dictó sentencia contra los demandantes fundada en el supuesto de que al celebrarse un contrato estipulando la subsiguiente entrega del artículo vendido, el riesgo intermedio es del vendedor. Pero, los apelantes insisten en que a consecuencia de los hechos en el presente caso, el título de dominio sobre la mercancía en cuestión fué traspasado de los apelantes á los apelados, y que los apelantes eran simplemente los depositarios a riesgo de los apelados; y que como tales depositarios hicieron cuanto razonablemente pudieren hacer para proteger los intereses de sus depositantes.

Ambas partes se apoyan en diferentes disposiciones del Código de Comercio. Ceemos que el presente caso claramente se regula por las disposiciones del artículo 332, que dice lo siguiente:

"Si el comprador rehusare sin justa causa el recibo de los efectos comprados, podrá el vendedor pedir el cumplimiento o rescisión del contrato, depositando judicialmente en el primer caso las mercaderías.

"El mismo depósito judicial podrá constituir el vendedor siempre que el comprador demore hacerse cargo de las mercaderías.

"Los gastos que origine el depósito serán de cuenta de quien hubiese dado motivo para constituirlo."

Las alegaciones y las pruebas demuestran que los demandantes procuraban el cumplimiento del contrato. Por consiguiente, para obligar a los demandados sin su consentimiento, los demandantes han debido depositar judicialmente el café en cuestión. No habiéndose hecho solicitud ni depósito en ese sentido ni obtenido el consentimiento de los demandados, el contrato exigía la entrega de la mercancía a la sociedad demandada y debemos declarar que el contrato no fué nunca consumado, y con arreglo a la ley, el riesgo era completamente de parte de los apelantes. No encontramos en la sentencia error alguno y la misma debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary y del Toro.

El Juez Presidente, Sr. Hernández, no invervino en la resolución de este caso.